IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY Cq D.C.
05 JUN 14  PM 2: 47
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| MARION S. EVANS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2404-B/P |
| SHELBY COUNTY DIVISION OF CORRECTIONS, et al., | X | |
| Defendants. | X | |

ORDER DIRECTING THE PLAINTIFF TO FILE A
PROPERLY COMPLETED IN FORMA PAUPERIS AFFIDAVIT
OR
PAY THE CIVIL FILING FEE

Plaintiff Marion S. Evans filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on June 2, 2005, along with a motion seeking leave to proceed in forma pauperis.

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of" $250. 28 U.S.C. § 1914(a).[1] To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an in forma pauperis affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's

---

[1] Effective March 7, 2005, the civil filing fee was increased to $250.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on __6-14-05__

③

ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking in forma pauperis standing must respond fully to the questions on the Court's in forma pauperis form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.g., Flippin v. Coburn, 107 Fed. Appx. 520 (6th Cir. Aug. 13, 2004); Reynolds v. Federal Bur. of Prisons, 30 Fed. Appx. 574 (6th Cir. Mar. 11, 2002); Brogue v. Fort Knox Fed. Credit Union, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

In this case, the plaintiff's motion for leave to proceed in forma pauperis does not adequately document the plaintiff's sources of income, assets, and monthly expenses. The plaintiff has provided no information concerning her monthly rent or mortgage payment or her expenditures on utilities, telephone, food, transportation, and medical care. The information provided by the plaintiff is, therefore, insufficient to permit the Court to conclude that she is indigent and unable to pay the filing fee or to give security therefor.

Accordingly, the plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, either to pay the $250 civil filing fee or to file a properly completed in forma pauperis affidavit that is executed in compliance with 28 U.S.C. § 1746. Failure timely to comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The Clerk is ORDERED to mail the plaintiff a copy of the nonprisoner in forma pauperis affidavit along with this order.

IT IS SO ORDERED this 14th day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02404 was distributed by fax, mail, or direct printing on June 14, 2005 to the parties listed.

---

Marion S. Evans

,

Honorable J. Breen
US DISTRICT COURT