IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⎯⎯⎯ O.C.

05 AUG 17 PM 4: 02

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| MARION S. EVANS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2404-B/P |
| SHELBY COUNTY DIVISION OF CORRECTIONS, et al., | X | |
| Defendants. | X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER CORRECTING THE DOCKET
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiff Marion S. Evans filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Family and Medical Leave Act of 1993, 29 U.S.C. § 6201 et seq., on June 2, 2005, along with a motion seeking leave to proceed in forma pauperis. The Court issued an order on June 14, 2005 directing the plaintiff, within thirty days, to file a properly completed in forma pauperis affidavit or pay the civil filing fee. Plaintiff filed another in forma pauperis affidavit on July 7, 2005. Based on the information contained in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-18-05

Clerk shall record the defendants as the Shelby County Division of Corrections ("SCDC"), George Little, Rod Bowers, Mary Garrett, and George Schellman.

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). One aspect of plaintiff's complaint is subject to dismissal.

There is no remedy under the employment discrimination laws against a co-worker or supervisor in his or her individual capacity. <u>Wathen v. General Electric Co.</u>, 115 F.3d 400, 405 (6th Cir. 1997). Similarly, only "employers" are liable under the FMLA. 29 U.S.C. § 6217. Accordingly, the Court DISMISSES the complaint with respect to defendants Little, Bowers, Garrett, and Schellman, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

It is ORDERED that the Clerk shall issue process for the remaining defendant, the SCDC, and deliver said process to the marshal for service. A copy of this order shall be served on the defendant along with the summons and complaint. Service shall be

made on the defendant pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(9). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 17th day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02404 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

Marion S. Evans
3545 Old Brownsville Rd.
Bartlett, TN 38135

Honorable J. Breen
US DISTRICT COURT